**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Lester De Jesus De Belen,

Plaintiff,

v.

Brown et al.,

Defendants.

Case No. 2:26-cv-01626-MMD-BNW

**ORDER**

Before this Court are pro se Plaintiff's motion for alternative service of process (ECF Nos. 22, 23)[1] and motion for appointment of counsel (ECF No. 24). For the reasons set forth below, this Court denies the motions.

## I. ANALYSIS

### a. Alternative Service of Process

On August 5, 2026, Plaintiff filed a document with the title, "CLAIM FOR RELIEF: DECLARATORY AND INJUNCTIVE RELIEF." ECF No. 20. The docket reflects this document as an amended complaint, and the document itself brings new claims against new parties. *Compare* ECF No. 20 *with* ECF No. 5.

The same day, Plaintiff filed a motion for alternative service of process. ECF Nos. 22, 23. This motion requests service on Defendants named in Plaintiff's original complaint—not the amended complaint.[2] *Id.* at 1-2; ECF No. 5 at 2-4.

/ / /

/ / /

[1] This motion was filed on the docket twice.

[2] This Court also notes that the motion for alternative service only addresses three out of the eight named Defendants in the original complaint. *Compare* ECF No. 22, 23 at 1-2 *with* ECF No. 5 at 2-4.

The filing of an amended complaint supersedes the original pleading, which then performs no function and is treated as nonexistent. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, Plaintiff's amended complaint at ECF No. 20 supersedes the original at ECF No. 5. Plaintiff's motion for alternative service, however, references Defendants from the original complaint.

Since Plaintiff's motion for alternative service only discusses Defendants who are *not* named in the operative complaint, it is denied as moot. ECF Nos. 22, 23 at 1-2. This denial is without prejudice. If Plaintiff still wishes to pursue the claims and Defendants in his original complaint, he must file a second amended complaint reflecting *all* claims and parties he wishes to pursue. At that time, he may also file a motion for alternative service which addresses the named Defendants as to which he believes alternative service is needed.

If Plaintiff files another motion for alternative service, the motion must comply with Fed. R. Civ. P. 4.

**b. Appointment of Counsel**

Plaintiff initially moved for appointment of counsel on June 11, 2026. ECF No. 7. This motion was denied because Plaintiff failed to demonstrate the exceptional circumstances which justify such relief. ECF No. 9. Plaintiff filed another request for counsel on July 22, 2026. ECF No. 17. This motion was denied because Plaintiff failed to develop any legal or factual argument. ECF No. 19. Plaintiff was permitted to file a new motion for appointment for counsel if such motion was supported by a change in circumstances justifying appointment. *Id.*

The motion for appointment of counsel currently before this Court fails to identify any change in Plaintiff's circumstances from June 11, 2026, when this Court initially denied his request for counsel. ECF No. 24. Accordingly, this motion is denied.

/ / /

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that, if Plaintiff wishes to pursue the claims and parties in the original complaint filed at ECF No. 5, he must file a second amended complaint by September 21, 2026. **If Plaintiff fails to file a second amended complaint by this date, the amended complaint at ECF No. 20 will remain the operative complaint in this matter.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for alternative service (ECF Nos. 22, 23) is **DENIED** without prejudice. Plaintiff may file a new motion for alternative service which (1) addresses the Defendants named in the operative complaint and (2) complies with the applicable procedural rules described in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 24) is **DENIED.**

DATED: August 21, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE